UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY DOUGLASS,

            Plaintiff,

-v.-

CITY OF NEW YORK and OFFICER CAROL GARCIA,

            Defendants.

18 Civ. 9327 (KPF)

**PROTECTIVE ORDER**

KATHERINE POLK FAILLA, District Judge:

**WHEREAS**, the parties intend or otherwise may be required to produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS,** the parties seek to ensure that the confidentiality of these documents and information remains protected; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. As used herein, "Action" shall mean the pending action between Plaintiff and Defendants captioned *Gregory Douglas* v. *City of New York, et al.*, 18 Civ. 9327 (KPF).

2. "Confidential Materials" shall mean (a) New York City Department of Correction ("DOC") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the DOC conducted by the DOC or other agencies; and (b)

other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

4. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5. A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c. Defendants' attorneys may also disclose the Confidential Materials to the DOC, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party upon request at a deposition or immediately before trial, although the name of an expert that

the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

  e. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6. A party may designate deposition exhibits or portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and the opposing party, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the requesting party or their counsel.

7. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to the opposing party, and the parties shall in good faith

attempt to resolve such conflict. If the conflict cannot be resolved among the parties, the objecting party, within 45 days of the initial objection, may request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or there is a resolution of the conflict by the Court.

8. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of the Court's Individual Rules of Civil Procedure.

9. Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

10. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed, with the exception of the Court and its staff, for whom this Order is not binding. All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

11. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this Order only for the pendency of this litigation.

SO ORDERED.

Dated: January 27, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

**EXHIBIT A**

The undersigned hereby acknowledges that s/he has read the Protective Order entered in the United States District Court for the Southern District of New York dated _____ 2020, in the Action entitled *Gregory Douglas* v. *City of New York, et al.*, 18 Civ. 9327 (KPF), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____        Signature: _____

                                                   Print Name: _____

*A copy of this Order was mailed by Chambers to:*
Gregory C. Douglas
18-R-2264
Greene Correctional Facility
165 Plank Rd.
P.O. Box 975
Coxsackie, NY 12051-0975