

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

NICOLETTE PELLEGRINO
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

May 19, 2020

VIA E.C.F.
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: Gregory Douglas v. City of New York, et al.,
18-CV-09327

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing the defendants City of New York and New York City Department of Correction Officer Carol Garcia (collectively, "Defendants") in the above referenced matter. The Defendants write to respectfully request that the Court issue a ninety-day stay of discovery in this action due to the current Coronavirus pandemic. This is the Defendants' first request for a stay in this action due to the current Coronavirus pandemic.

On April 23, 2020, the Plaintiff verbally consented to the Defendants' instant application for a ninety-day stay of discovery due to the Coronavirus pandemic.

By way of background, on December 20, 2019, the Defendants filed their answer to the Complaint. (See Dkt. No. 33.) On January 23, 2020, the parties participated in an Initial Conference with the Court. (See Jan. 23, 2020 Dkt. Entry.) That same day, the Defendants served Plaintiff with their Initial Disclosures and Requests for Documents and Interrogatories (hereinafter, "Discovery Requests"). On January 24, 2020, the Court issued a Scheduling Order, which scheduled multiple discovery deadlines and set discovery to close on June 23, 2020. (See Dkt. No. 41.) In addition, the scheduling order requires the parties to, by May 22, 2020, serve requests to admit and to meet and confer regarding expert discovery. (See id.)

On February 7, 2020, the Defendants served Plaintiff with their responses and objections to the Plaintiff's Local Civil Rule 33.2 Interrogatories and Supplemental Disclosures.

On or around January 31, 2020, and February 11, 2020, the Defendants received executed HIPAA Releases from Plaintiff. However, the releases were not appropriately completed, and, thus, the Defendants were required to seek additional executed releases from Plaintiff. Thus, on March 6, 2020, the Defendants wrote to Plaintiff, explaining the deficiencies in his completed HIPAA Releases and asking him to execute and return new HIPAA releases.

On March 11, 2020, Plaintiff wrote to the Court concerning certain discovery matters. (See Dkt. No. 48.) On March 13, 2020, the Defendants responded, notifying the Court and Plaintiff that the Defendants did not presently possess the names of the medical staff, if any, who may have witnessed the alleged July 23, 2018 incident, but that they were working on obtaining more information. (See Dkt. No. 50.)

Meanwhile, after not receiving a response to their January 23, 2020 Discovery Requests for over six weeks, on March 12, 2020, the Defendants wrote to Plaintiff, asking him to please provide the Defendants with his responses to their January 23, 2020 Discovery Requests.

However, while it is the Defendants' sincere intent to strictly comply with Court Orders and deadlines and to continue with discovery, the Coronavirus pandemic has caused a drastic change in circumstances since March 12, 2020. For example, on March 15, 2020, defense counsel was directed to work from home indefinitely. This has resulted in a number of logistical issues that, at least in the immediate future, will significantly impede the Defendants' ability to proceed with discovery in this action. For example, on April 23, 2020, Plaintiff verbally informed defense counsel that the Plaintiff mailed the Defendants updated HIPAA releases and his responses to the Defendants' January 23, 2020 Discovery Requests. However, due to defense counsel being directed to work from home, she is currently unable to obtain copies of any legal correspondence that Plaintiff may have mailed to the Defendants. Even if the undersigned did possess the releases, upon information and belief, under the current circumstances, medical providers are not expeditiously processing such releases. Importantly, in order to meaningfully depose Plaintiff, the Defendants must first review and investigate the Plaintiff's medical records and the Plaintiff's responses to the Defendants' Discovery Requests. In addition, as the Court is aware, the Defendants have been actively seeking information concerning any potential medical-staff-witnesses of the alleged incident. However, due to the Coronavirus pandemic, the Defendants were informed that the medical facility is presently unable to "devote any resources to investigation requests" until further notice.

Defendants assure the Court that they remain committed to moving this case forward as expeditiously as possible, but ask for some leniency in these trying circumstances. Accordingly, the Defendants respectfully request a ninety-day stay of discovery in this action.

The Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   VIA FIRST CLASS MAIL[1]
      Gregory C. Douglas (18-R-2264)
      Greene Correctional Facility
      165 Plank Road
      P.O. Box 975
      Coxsackie, New York 12051-0975

```
Application GRANTED.  Given the ongoing pandemic, the Court ORDERS that
discovery in this case be STAYED through August 19, 2020.  The Court
further ORDERS Defendants to update the Court as to whether discovery may
safely resume on the earlier of August 19, 2020, or whenever Defendants
discern that discovery may safely resume.  Finally, the post-fact
discovery conference currently scheduled for June 25, 2020, is ADJOURNED
sine die.

Dated:     May 19, 2020                SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

```
A copy of this Order was mailed by Chambers to:
   Gregory C. Douglas
   18-R-2264
   Greene Correctional Facility
   165 Plank Rd.
   P.O. Box 975
   Coxsackie, NY 12051-0975
```

---

[1] As detailed in this application, because of the current Coronavirus pandemic, defense counsel has been directed to work from home, and thus is unable to print and mail a copy of the Defendants' instant letter motion to Plaintiff. However, the Defendants will send a copy of their instant letter motion to Plaintiff as soon as practicable.

3